

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-84,844-01 & WR-84,844-02

### EX PARTE MARK ANTHONY MINER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W99-72846-S (B) & W99-72846-S (A) IN THE 282ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Miner v. State*, No. 05-00-01069-CR (Tex. App.—Dallas Aug. 15, 2001) (not designated for publication).

In his -01 application, Applicant contends that the State failed to disclose exculpatory evidence and that trial counsel failed to discover this evidence.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. Maryland*, 373 U.S. 83 (1963); *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d

114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State failed to disclose favorable evidence that was material to Applicant's conviction or punishment. The trial court shall also make findings and conclusions as to whether trial counsel's conduct was deficient and, if so, his deficient conduct prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 24, 2016
Do not publish